

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007-2601

March 21, 2014

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:   *New York Bankers Association v. City of New York et al*,
      13 CV 7212 (KPF) S.D.N.Y.

Dear Judge Failla:

On behalf of defendant the City of New York ("City"), I write to advise the Court and the parties that the City has reconsidered its position concerning the validity of Local Law 38 of 2012 ("Local Law 38") and now supports its validity.

As the Court is aware, plaintiff the New York Bankers Association ("NYBA") challenges Local Law 38 on grounds that the law is preempted by various State and federal laws regulating banking, and has moved for summary judgment. The City Council has moved concurrently to dismiss the complaint for failure to state a claim, as well as on standing and ripeness grounds. The City did not move for relief but filed a brief in support of NYBA's motion on December 23, 2014. Briefing on both motions is in progress and the Court granted the City's requests to extend the due date for NYBA and the City Council to submit reply briefs on their respective motions (now due April 4, 2014) so that the City could submit a letter indicating any change in position and NYBA and the City Council would have sufficient time to address the City's submission in their reply briefs.

The briefs submitted by all parties and amici curiae demonstrate that legitimate arguments can be and have been made thoroughly both in favor of and against the local law's validity. The City has now reassessed its position. Accordingly, I write to advise that the City

will now defend the validity of Local Law 38 as a duly enacted law of the City of New York that is not preempted by federal or State laws, and to summarize the legal grounds for the City's position. The City respectfully requests that the Council's motion be granted and NYBA's motion denied, and that this Court no longer consider the City's December 23 brief as a statement of the City's position in the case.

The legal grounds that support the City's position in favor of Local Law 38's validity are largely consonant with many of the arguments articulated by the City Council in its briefs on the two motions. The City believes it is important, however, to summarize for the Court the legal grounds for its position so that the Court has the benefit of the City's own views on the law and the City's powers.

### Local Law 38 Does Not Make the City Exercise Visitorial Powers Over Banks

The City's position is now that Local Law 38 is not preempted because it does not attempt to establish a visitorial power by the City over banks. The Community Investment Advisory Board ("CIAB") established by Local Law 38 is empowered merely to request information from banks and there is no requirement of banks to maintain, preserve or provide such information to the CIAB. That is insufficient to suggest the City would exert supervisory powers over banks through implementation of Local Law 38. *See* City Council Brief dated December 16, 2013 ("Council Br.") at 24-30; *see also* Council Brief in Opposition dated January 27, 2014 ("Council Op. Br.") at 27-29. Likewise, the City does not act as a bank regulator under Local Law 38 through its provisions that require the CIAB to assess and report on the City's banking and community investment needs because Local Law 38 does not empower the City to compel banks to meet those needs. *See* Council Op. Br. at 29-30.

### The Alleged Risk of "Reputational Harm" Does Not Make Local Law 38 Regulatory

NYBA asserts that Local Law 38 establishes visitorial powers and otherwise regulates banks through the risk of two kinds of consequences they contend can result if banks do not comply with the CIAB's requests for information. First, NYBA points to the "reputational injury" it claims will result under the statute because the CIAB is required to publish on the City's website the fact that a bank did not provide requested information, a position the City did not join in its December 23 brief. NYBA Br. at 30-32; NYBA Brief in Opposition dated January 27, 2014 ("NYBA Opp. Br.") at 9-12. But that argument overreaches. The City, and City officials, have the power to conduct research and request information from banks to learn about how City communities are affected by various aspects of banking – branch locations, lending, investment, etc. – and have the power to speak publicly about what they do, and do not, learn from banks on these topics. Information sought under Local Law 38 may prove useful for the City to develop and adopt policies and programs, using means that are not preempted by banking laws, that would encourage banks and the banking industry to take further steps to meet the credit, financial and banking services needs of the City's neighborhoods as identified by the CIAB.

As the Council points out, courts have not interpreted the preemptive effect of the National Bank Act or the Home Owners' Loan Act to extend so far as to preclude the kinds of government inquiry provided under Local Law 38. *See* Council Op. Br. at 29. Because Local Law 38 fundamentally constitutes a legislative effort merely to request information and inform

the public, it does not regulate through the risk of "reputational harm" and the Court need not reach the issue of whether the City acts in this manner through a "proprietary" rather than a "regulatory" capacity in order to find that Local Law 38 is valid.

### Local Law 38 Does Not Expand the Powers of the City Banking Commission

NYBA also asserts, as the City formerly asserted, that Local Law 38 has a coercive effect on banks to provide information and to conform to practices articulated in any needs assessment prepared by the CIAB, because the law states that the City Banking Commission ("Banking Commission") may consider the CIAB's reports in deciding whether that bank will be designated a deposit bank under Chapter 1524 of the New York City Charter ("Charter"). *See* NYBA Br. at 32-34; NYBA Op. Br. at 12-13; City Br. at 6-10. The City no longer espouses the argument that Local Law 38 has a coercive effect.

The discretionary power of the Banking Commission to designate banks as deposit banks is not enlarged by Local Law 38. The scope and extent of the City's power and discretion, acting through the Banking Commission and its legal predecessors, to designate deposit banks is established by provisions of the City Charter that essentially originate in State legislation dating back to the nineteenth century (later codified by the State Legislature as sections 195 and 196 of the Greater New York Charter, and later renumbered). These provisions are now codified at Charter §§ 1523-24, and, to the extent that they originate in State law, are entitled to deference as policies of the State Legislature. *See Matter of Patrolmen's Benevolent Assn. of the City of New York v. N.Y. State Public Employment Relations Board*, 6 N.Y.3d 563, 573-74 (2006) (finding that Charter and Administrative Code provisions concerning police discipline represent such a policy). The City's power is also consonant with section 10(2)(a) of the General Municipal Law, which provides for the designation of deposit banks by local governing boards.

In deciding whether to grant an individual bank's deposit bank application, the Banking Commission is not preempted by federal and State banking laws from considering among many discretionary factors the kinds of information Local Law 38 seeks to elicit. The Banking Commission acts squarely within the City's proprietary interest in deciding which banks may be used to deposit the City's funds, and that interest may be furthered by the Banking Commission's discretionary consideration of how the City is affected by a bank's conduct within the City. As the Council points out, under the Banking Commission's pre-existing rules, the Commission considers branch closings in making its determinations, Council Br. at 33-34, and the Commission also collects information regarding a bank's operation in banking development districts. The information to be requested under Local Law 38 is of a similar nature.

In this respect, Local Law 38 is significantly different from Local Law 36 of 2002 ("predatory lending law"), discussed in the City's Brief, that was held to have been preempted. *See* City Br. at 4-5. The predatory lending law, unlike Local Law 38, established a clear "debarment" for all banks and financial institutions that failed to comply -- and certify compliance -- with that law's strictures. That debarment extended to many aspects of doing business with the City – contracting and bond underwriting, for instance, as well as deposit bank designation. Local Law 38, by contrast, does not create a debarment, and that term does not accurately describe the Banking Commission's denial of a deposit bank application. *See* NYBA Op. Br. at 12-13 and Council Op. Br. at 12. Rather, such a decision would constitute the

Banking Commission's discretionary determination, informed by many factors, among which *might* be information from the CIAB. The City's position is that the City's discretionary, case-by-case decisionmaking as to which individual banks may serve as deposit banks for City funds is not regulatory and therefore beyond the reach of federal and State preemption.

Local Law 38 does not expand the City's power in this area but merely invokes the Banking Commission's pre-existing discretion by having the CIAB's reports forwarded for the Commission to consider. Local Law 38's provisions invoking the Banking Commission's discretion therefore cannot be preempted in connection with the Banking Commission's discretion because Local Law 38 is not the source of that discretion; it does not expand the Banking Commission's power at all, let alone into areas preempted by State or federal law. *See* Council Op. Br., at 12, 35.

Moreover, NYBA's complaint is limited to a facial challenge of a legislative enactment, *see* Council Op. Br. at 26, and NYBA does not seek to invalidate (whether facially or as applied to any specific action) any Charter powers of the Banking Commission or the scope or exercise of its discretion to designate deposit banks. As the Council points out, the Banking Commission has not received a report from the CIAB, let alone made an adverse determination on a deposit bank application as a result of its consideration of such a report. *See* Council Br. at 9. Thus, a challenge focused on whether State and federal banking laws preempt the Banking Commission from exercising its discretion to consider information provided by the CIAB would not be ripe here.[1]

Finally, whether Local Law 38 is preempted turns on an analysis of the powers the local law creates and whether, in creating those powers, the law intrudes into areas preempted by federal and State banking laws. To the extent plaintiff's case rests, in part, on statements by individual sponsors of Local Law 38, those statements should not be read to create powers that the legislative enactment does not itself create.

The City respectfully requests that the Court consider the above arguments as the City's position on Local Law 38. In light of these arguments, the City maintains that the plaintiff cannot overcome the strong presumption of validity that Local Law 38 should be afforded under both federal and State case law. *Richmond Boro Gun Club, Inc. v. City of New York*, 97 F.3d 681, 687 (2d Cir. 1996) ("[T]here is a strong presumption against federal preemption of state and local legislation."); *41 Kew Gardens Rd. Assocs. v. Tyburski*, 70 N.Y.2d 325, 333 (1987) ("[A] duly enacted local law is clothed with the presumption of constitutionality that applies to State legislative enactments."). The City is not at this time requesting the opportunity for further

---

[1] Alternatively, if the Court were to determine that Local Law 38 expands the Banking Commission's discretion into preempted areas, the City's position is that those portions of the law pertaining to the Banking Commission should be severed to allow the balance of Local Law 38 to take effect. Severance of the Banking Commission provisions would leave the legislative scheme largely intact because the CIAB would retain all of its functions to assess community credit and banking needs and report on whether those needs are being met. *See, e.g.*, *Waste Recovery Enters. LLC v. Town of Unadilla*, 294 A.D.2d 766 (3d Dep't 2002). The statute itself is silent as to whether its provisions are severable.

briefing and does not intend to do so following submission of NYBA's or the Council's reply papers, bur reserves the right to seek leave to do so.

The New York City Department of Finance ("DOF") has issued a Request for Information to identify potential vendors with the capability to perform the information gathering, needs assessment, and reporting services that would be required to implement Local Law 38 should the law stand. A Request for Proposals would be the next step in the process. DOF estimates that the procurement process will likely take, at minimum, six months from today before a contractor can be put in place to begin performing the CIAB's work. Therefore, we hope that sufficient time exists for the Court to render a decision before the CIAB begins taking actions that NYBA has alleged will be harmful to its members. We also anticipate that the Mayor will complete his appointments to the CIAB.

Thank you for the Court's consideration in this matter.

Respectfully submitted,

Joshua P. Rubin

cc: Robert J. Giuffa, Jr.; Jeffrey Metzler, Edward Josephson, Joshua Zinner, Claudia Wilner, Thomas Pinder (by electronic mail)